UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON GIBSON, Plaintiff, v. WILLIAM HYATTE, et al., Defendants. | CAUSE NO. 3:19-CV-1050-RLM-MGG |

OPINION AND ORDER

Jason Gibson, a prisoner without a lawyer, filed this lawsuit seeking monetary damages for allegedly having been subjected to unsanitary conditions while housed at the Miami Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). Courts conduct both an objective and a subjective inquiry in evaluating an Eighth Amendment claim. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether

the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." Id. (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); see also Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Mr. Gibson alleges that he was placed in a restrictive housing unit within the Miami Correctional Facility on September 21, 2019. The cell had old food smeared all over the walls. The door to the cell—including the tray slot where he received his meals—was covered with mold, human fecal waste, and toilet paper. Despite his repeated requests, the cell wasn't cleaned until October 6, 2019, sixteen days later. Mr. Gibson also alleges that he was given unclean blankets

2

and sheets, and he didn't receive any underwear for three weeks. These allegations satisfy the objective prong of the inquiry.

With respect to the subjective prong, Mr. Gibson alleges that Officer Z. Moore was aware of the conditions when he placed him in the cell on September 21, 2019, yet he did nothing to rectify them. He alleges he informed Officer Conwell that his cell needed to be cleaned each time he saw him, but Officer Conwell ignored him. Finally, Mr. Gibson alleges he wrote to Warden William Hyatte about the cell conditions "time after time," but didn't receive a response. Giving Mr. Gibson the inferences to which he is entitled, he has stated enough to proceed on his claim against these defendants in their individual capacity for monetary damages.

For these reasons, the court:

(1) GRANTS Jason Gibson leave to proceed against William Hyatte, Z. Moore, and Conwell in their individual capacities for monetary damages for subjecting Mr. Gibson to unsanitary living conditions from being housed in a cell with food, mold, and human feces on the walls and door from September 21, 2019, to October 6, 2019, and for failing to provide him with clean bedding or any underwear from September 21, 2019, to October 12, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on William Hyatte, Z. Moore, and Conwell at the Indiana

Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that William Hyatte, Z. Moore, and Conwell respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 20, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT