UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON M. GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HYATTE, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-1050-RLM-MGG |

OPINION AND ORDER

Jason M. Gibson, a prisoner without a lawyer, was granted leave to proceed on a claim that Warden William Hyatte and Correctional Officers Seth Conwell and Zachariah Moore violated his Eighth Amendment rights by housing him in unsanitary conditions at Miami Correctional Facility. Warden Hyatte moves for summary judgment, arguing that he wasn't deliberately indifferent to the conditions in Mr. Gibson's cell and, alternatively, that he is entitled to qualified immunity. Mr. Gibson filed a response in opposition, to which the warden filed a reply. (ECF 64, 67.) Mr. Gibson also filed two motions seeking summary judgment in his favor.[1] (ECF 58, 65.) Defendants filed a response in opposition. Mr. Gibson didn't file any reply, and the time for doing so has passed. N.D. IND. L.R. 56-1(c). These matters are now ripe for adjudication.

---

[1] One of the motions is labeled, "Motion of Dispositive," but its contents show that Mr. Gibson is seeking summary judgment in his favor. (ECF 58.)

I.   FACTS

Mr. Gibson was transferred from general population to the restrictive housing unit at MCF for a disciplinary infraction. He attests that he was housed for 15 days in a cell that was covered in another inmate's feces, dried food, and mold.[2] (ECF 59-1 at 10.) He further attests that he wasn't given clean bedding or underwear from September 21, 2019, to October 12, 2019. (*Id.* at 18.) He says he made multiple verbal and written requests to Officers Conwell and Moore to remedy these conditions. (*Id.* at 11-15, 22-23.) He says they ignored his requests, told him he "was not going anywhere," and in one instance laughed at him. (*Id.* at 10, 22-23, 31.)

The defendants deny that Mr. Gibson's cell was unsanitary or that they ignored any of his concerns. Officer Moore swears that he has personal knowledge of the condition of Mr. Gibson's cell during the entire period. (ECF 66-1 ¶¶ 4-5.) Officer Moore's account is that the cell "was clean and sanitary when [Mr. Gibson] was placed in it and remained clean and sanitary for the duration of his stay." (*Id.* ¶ 6.)

Mr. Gibson has never personally met Warden Hyatte, who never visit Mr. Gibson's cell during this period. (ECF 60 at 2; ECF 59-1 at 24-25.) Mr. Gibson never spoke directly with the warden about his concerns, but swears that he sent the

---

[2] As the defendants point out, Mr. Gibson did not provide a formal statement of material facts in his motions, nor did he formally respond to the defendants' proposed facts in accordance with N.D. Ind. L.R. 56-1(b)(2). Given his pro se status, the court doesn't find this procedural deficiency fatal. The court has considered Mr. Gibson's sworn deposition testimony, and presumes he could testify to the same facts at trial. *See* FED. R. CIV. P. 56(c)(2)-(3); Steffek v. Client Servs., Inc., 948 F.3d 761, 769 (7th Cir. 2020). Mr. Gibson submitted an affidavit with one of his filings, but it only describes the relief he is seeking and doesn't contain any facts related to his Eighth Amendment claims. (*See* ECF 65 at 3-4.)

warden written "request slips" complaining about the dirty conditions. (ECF 59-1 at 25.) He doesn't know whether Warden Hyatte actually received those request slips. (*Id.*)

Warden Hyatte says he first became aware of Mr. Gibson's concerns on October 3, 2019, when the Indiana Department of Correction Ombudsman Bureau Director sent him an email. (ECF 59-2 at 1.) The email from the Ombudsman's office summarized Mr. Gibson's complaint as follows:

> I have been in restrictive housing unit since 9/21/19 in cell sc-083 and the cell was never cleaned before I was put in there the door is covered with food that is turning into mo[ld] and it's toilet paper over the door it old food all over my tray slot it's old food all over the wall the heat vet proly get any air because they full of toilet paper and they won't give me nothing to clean my cell! We are supposed to get to clean our cell every weekend but that never happening! When I seen the captain and the sergeant I told them about and they just started laughing at me this is unhealthy to live in this cell I wrote request to everybody and nothing is getting done about it!

(ECF 59-2 at 4). On the same day he received the email, Warden Hyatte directed a subordinate employee to "please look into this and advise." (*Id.* at 3.) The warden received an email response the next day stating that an inspection had been completed and that Mr. Gibson's cell "was in good working order and clean," other than a "small amount of food residue on the outside of the cuff port," which had since been removed. (*Id.*)

## II. ANALYSIS

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

3

fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Daugherty v. Page, 906 F.3d 606, 610 (7th Cir. 2018) (citation omitted). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his own pleading, but rather must "marshal and present the court with the evidence he contends will prove his case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). If the non-moving party fails to establish the existence of an essential element on which he or she bears the burden of proof at trial, summary judgment is proper. Massey v. Johnson, 457 F.3d 711, 716 (7th Cir. 2006).

When deciding cross-motions for summary judgment, the court must "constru[e] the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." Durable Manuf. Co. v. U.S. Dep't of Labor, 578 F.3d 497, 501 (7th Cir. 2009). The court can't weigh conflicting evidence or make credibility determinations at the summary judgment stage; both of these tasks "are the province of the jury." Omnicare, Inc. v. UnitedHealth Grp., Inc., 629 F.3d 697, 704-05 (7th Cir. 2011) (citations omitted). The court's only function is "to determine whether there is a genuine issue for trial." Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citation omitted).

4

Courts evaluating an Eighth Amendment claim conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is sufficiently serious that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." Id. (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate sanitation, bedding, and clothing. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. at 834. "To prove a violation of the Eighth Amendment, a prisoner must go beyond allegations and produce evidence not only of the inhumane conditions, but also that officials were subjectively aware of these conditions and refused to take steps to correct them." Thomas v. Blackard, ---F.4th---, 2021 WL 2644224, at *3 (7th Cir. June 28, 2021).

If Mr. Gibson's allegations are true, which the court must presume at this stage, he satisfies the objective prong. See Taylor v. Riojas, 141 S. Ct. 52, 53-54 (2020) (housing inmate in cell for six days covered in feces violates the Eighth Amendment); Thomas v. Blackard, 2021 WL 2644224, at *3 (housing inmate for weeks in a cell containing feces was "inhumane"). Nevertheless, the warden argues that Mr. Gibson hasn't come forward with evidence to show that the warden personally exhibited deliberate indifference to his health or safety.

5

To be liable under section 1983, a defendant must have been personally involved in the violation of the plaintiff's constitutional rights. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and a high-ranking prison official cannot be held liable simply because he oversees operations within the prison or supervises other correctional staff. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). A defendant will be deemed to have sufficient personal responsibility for a constitutional violation if the violation occurred "at a defendant's direction" or with his "knowledge or consent." Mitchell v. Kalas, 895 F.3d at 498.

The uncontradicted evidence shows that Warden Hyatte never personally saw Mr. Gibson's cell or spoke with him directly about the conditions there. Mr. Gibson claims he sent written "request slips" to the warden complaining about the dirty conditions but concedes that he has no knowledge of whether the warden ever received them. (ECF 59-1 at 25.) Mr. Gibson's complaint ultimately made its way to the warden's attention through the Ombudsman's office, and the warden promptly took action to address the issue by directing a subordinate employee to look into the matter and report back to him. That subordinate told the warden that an inspection had been completed and that the cell was clean, other than a small bit of dried food on the cuff port, which had since been addressed.[3] (ECF 59-2 at 3.) Mr. Gibson

---

[3] The complaint conveyed to the warden didn't mention a need for bedding or underwear. (ECF 59-2 at 4.)

acknowledges that his cell was in fact cleaned on October 6, 2019, the day after the warden was alerted to the issue. (ECF 59-1 at 17.)

Mr. Gibson believes that other prison staff didn't do enough to address his complaints prior to that, but the warden can't be held liable for the misdeeds of other individuals just because he oversees operations. *See* <u>Burks v. Raemisch</u>, 555 F.3d at 596. The warden took prompt action to address Mr. Gibson's concern when he became aware of it. No reasonable jury could conclude from this evidence that the warden was deliberately indifferent to the conditions in Mr. Gibson's cell. *See* <u>Farmer v. Brennan</u>, 511 U.S. at 844 ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.").

That conclusion makes it unnecessary to address the warden's qualified immunity argument.

That leaves Mr. Gibson's two motions seeking summary judgment against the remaining defendants, Officers Moore and Conwell. There are clear factual disputes about whether Mr. Gibson was denied sanitary living conditions while in the restrictive housing unit. Mr. Gibson claims the conditions in his cell were deplorable, whereas the officers claim they were perfectly sanitary.[4] The court can't weigh the conflicting evidence or decide whose account is more credible at summary judgment,

---

[4] Mr. Gibson finds it dispositive that Officer Moore signed two "request for interview" forms he prepared during this period outlining the dirty conditions in his cell. (*See* ECF 64-1 at 1-2.) In considering Mr. Gibson's motions for summary judgment, the court must construe the evidence and all reasonable inferences in the officers' favor. <u>Durable Manuf. Co. v. U.S. D.O.L.</u>, 578 F.3d at 501. It can be reasonably inferred that Officer Moore signed these forms simply as an acknowledgement that he had received them, rather than as an admission that what Mr. Gibson stated within them was true. Additionally, neither request form mentions anything about Mr. Gibson being denied clean underwear.

7

as these are tasks for a jury. <u>Tolan v. Cotton</u>, 572 U.S. at 657. Therefore, Mr. Gibson's claim against Officers Moore and Conwell must proceed to trial.

### III. CONCLUSION

For these reasons, the court GRANTS the defendants' motion for partial summary judgment (ECF 59) and DENIES THE plaintiff's motions for summary judgment (ECF 58, 65) are DENIED.

SO ORDERED on July 12, 2021

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT